Opinión disidente emitida por el
Juez Asociado Señor Fuster Berlingeri.
En mi criterio, en el caso de autos el término prescriptivo se interrumpió cuando el gerente del Banco refirió a la recurrida al Fondo del Seguro del Estado y ella acudió allí para procurar tratamiento para la condición que la afligía.
Estoy de acuerdo con la Mayoría del Tribunal en cuanto a que el proceso ante el Fondo no persigue los mismos propósitos que una reclamación judicial. Pero en mi criterio, lo verdaderamente crucial cuando se examina el asunto de la prescripción de un derecho es si el titular de éste se cruzó de brazos totalmente en cuanto a hacer uso de él. Si el titular no hizo nada durante el término que tenía para ejercer el derecho, éste debe estimarse prescrito. Pero si el titular se valió en algo de su derecho, aunque no sea su *229 aprovechamiento óptimo, no puede estimarse que el titular lo abandonó a tal grado que se materializó su extinción. La prescripción extintiva presupone el “silencio” del titular. Cualquier ejercicio, por poco que sea, contradice ese “silencio”.
Es por lo anterior, que considero que la recurrida interrumpió aquí el término prescriptivo extrajudicialmente. No hubo total inacción de su parte. Los actos extrajudiciales, por su propia naturaleza, nunca pueden tener los rasgos definitorios de una acción judicial; no obstante, el Derecho admite plena eficacia a la interrupción extrajudicial de la prescripción. Lo determinante es si hubo tal inacción de parte del titular que debe estimarse que éste abandonó su derecho. Si hubo alguna acción extrajudicial, ésta interrumpe la prescripción, porque sólo de la total inacción puede presumirse el abandono de un derecho. De otro modo no puede privarse a un titular de lo que legítimamente le pertenece. No debe olvidarse que la prescripción supone una expoliación, por lo que no debe estimarse qué ha ocurrido, excepto cuando es claro que el titular ha abandonado su derecho.
Como la Mayoría del Tribunal resuelve de otro modo, yo disiento.